The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72501
Dear Senator Bell:
This opinion is being issued in response to your recent question regarding the Arkansas Public School Choice Act (A.C.A. § 6-18-206).
You have described a situation in Jackson County, Arkansas, in which a white student who resides in a school district with a racial make-up of approximately 94% white and approximately 6% black would like to attend a neighboring school district within the same county that has a racial make-up of approximately 100% white. A third school district in the same county has an approximately 33.6% black student population.
In light of those facts, you have presented the following question:
 Does the 10% clause of A.C.A. § 6-18-206(g) operate to allow the white student to attend the neighboring school district that has a racial make-up of 100% white?
It is my opinion that the 10% clause exemption is not available in the situation that you have described. Therefore, this student cannot attend the neighboring school district under the exemption provided in that clause. It is my further opinion that the exemption set forth in A.C.A. § 6-18-106(g)(2) is also unavailable in this situation.[1]
The Arkansas Public School Choice Act allows public school students to attend schools that are located in districts other than those in which the students reside. However, the act establishes certain restrictions upon this choice of school districts. The primary restriction is set forth in A.C.A. § 6-18-206(g)(1), which states:
 No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district except in the circumstances set forth in subdivision (2) of the subsection.
The situation that you have described clearly falls within this general restriction against school choice. That is, the student to whom your question makes reference proposes to transfer to a nonresident district where the percentage of enrollment for that student's race exceeds that percentage in his resident district.
Subdivision (4) of A.C.A. § 6-18-206(g) states an overall exemption from this restriction. It states:
 A transfer is exempt from the restriction set forth in subdivision (1) of this subsection if each school district within the county does not have a critical mass of minority students of more than ten percent (10%) of any single race.
This overall exemption is not available in the situation that you have described, because one school district in the county has a critical mass of minority students of more than ten percent of one race. (More specifically, you have indicated that one school district in the county has an approximately 33.6% black student population.) For this reason, the student in question cannot rely upon this exemption to avoid the restriction set forth in subdivision (1).
The other exemption from the restriction of subdivision (1) is that which is set forth in subdivision (2), which states:
 A transfer to a district is exempt from the restriction set forth above if all districts within a county have voted to participate in choice and the transfer is between two (2) districts within a county, and if the black and white percentages of school enrollment in both the sending and receiving district remain within an acceptable range of the county's overall black and white percentages of school population as set forth by the Department of Education.
Subdivision (3) then goes on to describe the Department of Education's required evaluation process in determining "acceptable ranges of variance":
 The Department of Education shall, by the filing deadline each year, compute the black and white percentages of each county's public school population from the October Annual School Report and shall then compute the acceptable range of variance from those percentages for school districts within each county. In establishing the acceptable range of variance, the department is directed to use the remedial guideline established in Little Rock School District v. Pulaski County Special School District of allowing an overrepresentation or underrepresentation of black or white students of one-fourth (1/4) or twenty-five percent (25%) of the county's racial balance.
It is my opinion that the exemption set forth in subdivision (2) is not available in the situation that you have described. The Department of Education has determined that the overall racial composition of Jackson County is 74.8% white and 25.2% black, and that the acceptable range of variance from those percentages is 22.0% to 28.3%. Using the Eighth Circuit Court of Appeals' method of applying the acceptable ranges of variance, see Little Rock School District v. Pulaski County SchoolDistrict, 839 F.2d 1296 (8th Cir. 1988), no school district in the county can have any greater than a 95.9% white student population (which is a 28.3% variance from the county's overall 74.8% white student population), or any less than an 18% black student population (which is a 28.3% variance from the county's overall 25.2% black student population).
In the situation that you have described, the receiving school district (the school district to which the white student proposes transferring) is already outside of the acceptable ranges of variance for both white and black student percentages, having an approximately 100% white student population and a 0% black student population. The sending school district is outside of the acceptable range of variance for black student percentages, having a black student population of approximately 6%. That is, the receiving school district already has overrepresentation of white students that is in excess of a 28.3% variance from the county overall white student population, and underrepresentation of black students that is in excess of a 28.3% variance from the county overall black student population. The sending school district also has underrepresentation of black students that is in excess of a 28.3% variance from the county overall black student population.
For this reason, and because the transfer that is proposed would place the receiving school district even further outside of the acceptable range of variance for white student percentages, and would place the sending school district even further outside of the acceptable range of variance for black student percentages, I must conclude that the transfer would not qualify for the exemption set forth in subdivision (2), which requires that the black and white percentages in both schools "remain within" the acceptable range after the transfer. Therefore, the student in question cannot transfer under the exemption of subdivision (2).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The Department of Education has designated all three school districts within Jackson County as having a "Code 1" school choice eligibility. See the Department of Education's "School Choice Eligibility" printout dated March 15, 1996, a copy of which is attached. The cover memo for the printout defines "Code 1" eligibility as follows: "Code 1 indicates that your district is eligible under Ark. Code Ann.6-18-206(g)(1), `No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district except in the circumstances set forth in subdivision (2) of this subsection.'"